IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br><br>v.<br><br>MINOR DAVID MADISON, JR.,<br><br>        Defendant. | Civil Action No. 2:23-cv-02444 |

AGREED PROTECTIVE ORDER

The Parties having agreed to the terms of this Protective Order; accordingly, it is

ORDERED:

1.      **Scope.**  The Parties agree to this Protective Order to facilitate the production of

Discovery Materials in this case. A person subject to this Order may not refuse to produce

Discovery Materials on the grounds that the information requires protection from public disclosure

if the procedures in this Order are followed.  This Order is intended to protect, upon designation,

any documents, tangible items, or information, including electronically stored information ("ESI"),

and including, but not limited to, all copies, extracts and summaries thereof and the information

contained therein, which is entitled to protection under Rule 26(c) of the Federal Rules of Civil

Procedure. Such information includes, without limitation, trade secrets or commercial or financial

information submitted by a person to the government, which is entitled to confidential treatment

under the Trade Secrets Act, 18 U.S.C. § 1905 or 40 C.F.R. Part 2.  Such information also includes

any information that the government is required to protect under federal law such as the Privacy

Act, 5 U.S.C. § 552a, or the Health Insurance Portability and Affordability Act of 1996 ("HIPAA")

and any implementing regulations such as 45 C.F.R. § 164.512(a), (c)(1)(i).  Discovery Materials

1

are subject to this Protective Order upon being designated as Protected Information by the

Producing Party in accordance with Paragraph 2 or, in the case of deposition testimony, transcripts,

and exhibits, as described in Paragraph 8(b). However, this Protective Order applies only to the

specific copies of Discovery Materials so designated and to copies made therefrom and information

derived therefrom.  This Protective Order does not apply to copies obtained outside of discovery in

this litigation, including but potentially not limited to investigations prior to this litigation. This

Protective Order does not apply, unless by consent of the Parties, to Discovery Materials provided

prior to entry of this Protective Order.

2.     **Designation.**

(a)     If a Producing Party has a good faith belief that certain Discovery Materials

are entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure, the

Producing Party may designate such Discovery Materials as subject to this Protective Order by

marking them in accordance with Paragraph 4. The grounds for designating Discovery Materials as

subject to this Protective Order include, without limitation:

(i)     information prohibited from disclosure by statute, regulation, rule, or

other law;

(ii)     information that reveals trade secrets or confidential business

information;

(iii)     research, technical, commercial, or financial information that has

been maintained as confidential;

(iv)     medical information concerning any individual;

(v)     personally identifiable information, including without limitation

social security numbers and financial information associated with individuals;

2

(vi)     income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or

(vii)     personnel or employment records of an individual.

(b)     The inclusion of an item on the list in subsection 2(a) above does not constitute a stipulation or agreement that any such information is relevant, but rather only means that when relevant information is requested and falls within one of the described categories, a party may elect to treat that information as confidential under this Order

(c)     If the Producing Party is not a Party to this litigation, it may agree to the terms of this Protective Order by providing contact information to the Parties of record, by filling out the form in Attachment B, and by providing it to the Party who requested the Discovery Materials.  Within 30 days of receiving a form submitted under this subparagraph, the Party who requested the Discovery Materials must serve a copy on all counsel of record in accordance with Rule 5 of the Federal Rules of Civil Procedure.

(d)     Information or documents that are available to the public may not be designated as Protected Information.

(e)     The Producing Party may revoke its designation of Discovery Materials as subject to this Protective Order or by having counsel of record withdraw the designation in writing or orally on the record during a deposition.  The Producing Party must revoke its designation of Discovery Materials as subject to this Protective Order if it intends to use the materials in litigation and it determines that the materials do not contain Protected Information.

3.     **Definitions**.

(a)     "Discovery Material" means documents, ESI, information, or other material that is required to be produced or adduced in the course of this litigation, including initial disclosures and any responses to discovery requests.

3

(b)     "ESI" means electronically stored information in any form, including but not limited to conventional electronic documents (e.g. spreadsheets and word processing documents), electronic mail, the contents of databases, mobile phone messages, digital and analog recordings (e.g. of voicemail), and transcripts of instant messages.

(c)     "Parties" means the parties to this litigation including their counsel.

(d)     "Producing Party" means: (i) a Party to this litigation including their counsel who is producing documents, ESI, or other materials in response to a discovery request served in this action; or (ii) a person or their counsel who is producing documents, ESI, or other materials in response to a subpoena served in connection with this action.

(e)     "Protected Information" means documents, information, or other materials that are asserted to be entitled to confidential treatment under Federal Rule of Civil Procedure 26(c) and that have been designated as subject to this Protective Order by the Producing Party.

(f)     "Non-Party Protected Information" means Discovery Materials that contain information the United States received from a non-party and that has been designated as Protected Information by the United States because (i) the submitting non-party has asserted that the Discovery Materials are entitled to confidential treatment under Rule 26(c) of the Federal Rule of Civil Procedure, (ii) the submitting non-party has claimed that the Discovery Materials are protected from public disclosure when it submitted the materials to the United States (e.g. information in the possession, custody, or control of the United States Environmental Protection Agency that was designated as "Confidential Business Information," "Proprietary," "Trade Secret," "Business Confidential," or the substantial equivalent thereof and submitted pursuant to 40 C.F.R. Part 2, Subpart B, prior to the commencement of this action), or (iii) the United States has informed the submitting non-party that the Discovery Materials would be protected from public disclosure by applicable federal law.

4.      **Marking of Discovery Materials as Subject to this Protective Order**.  To designate paper documents, image files, or tangible things, the Producing Party shall mark each page, image, or thing with the words "PROTECTED INFORMATION SUBJECT TO COURT PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  For image files, including placeholders, these words must be branded onto each image (as opposed to an overlay), and must be positioned to avoid obscuring parts of the image that are not blank.

5.      **Redactions**

(a)      A Producing Party may redact Protected Information in lieu of producing it subject to this Protective Order, provided that the Protected Information is not relevant to any Party's claims or defenses or that redaction of such information would be required pursuant to Rule 5.2 of the Federal Rules of Civil Procedure.

(b)      In the event that a redacted copy of a document must be filed on the public docket in support of, or in addition to, a copy filed under seal, the Producing Party shall prepare the redacted copy, or may approve the filing Party's redacted version, at the filing Party's request. The Producing Party must prepare the redacted copy, or approve the proposed redactions, within a reasonable period of time.

6.      **Production Protocols.**

(a)      In the case of Discovery Materials being produced electronically, the Producing Party shall enclose with such production a load file that includes a field that indicates which records correspond to Protected Information.

(b)      Discovery Materials that are designated in accordance with Paragraph 4 are Protected Information under this Protective Order, regardless of the Producing Party's failure to comply with this Paragraph 5.

7. **Disclosure of Protected Information.** Except as stated in subparagraphs below, or as otherwise ordered by this Court, the Parties shall not disclose Protected Information to any other person.

(a) **Disclosures Pursuant to Signed Attachment.** The Parties may disclose or permit the disclosure of Protected Information to persons within categories listed below provided that each such person signs Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound." Counsel shall retain all signed acknowledgments for a period of one year after the termination of the litigation including all appeals and need not produce such acknowledgements unless the requesting person establishes prima facie evidence of a violation of this Protective Order.

(i) Consultants, investigators, or experts used by a Party to assist in the preparation and trial of this action;

(ii) Persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; and

(iii) Witnesses in this action to whom disclosure is reasonably necessary may receive a copy of documents containing Protected Information during the deposition and for the purpose of reviewing their transcript but may not retain a copy.

(b) **Disclosures without Signed Attachment**. The Parties may disclose or permit the disclosure of Protected Information to persons within categories listed below without the requirement to sign Attachment A:

(i) Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary: (A) to the conduct of the litigation in which the information is disclosed, or (B) to a federal law enforcement investigation in accordance with law;

             (ii)       Counsel for the Parties and employees of counsel who have responsibility for this litigation (including but not limited to paid or unpaid, temporary or permanent law clerks, paralegals, and administrative or clerical personnel);

             (iii)     The Court and its personnel;

             (iv)     Court reporters and recorders engaged for depositions;

             (v)       The author or recipient of the document (not including a person who received the document in the course of litigation); and

             (vi)     Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

        8.      **Use of Protected Information**.  Except as stated below, neither the Parties nor any third party contemplated by Paragraph 6 of this Protective Order shall use Protected Information for any purpose other than this litigation or settlement discussions regarding this litigation.

             (a)       The Parties may use information as authorized by an order of this Court.

             (b)       The United States may use Protected Information for law enforcement purposes and may, notwithstanding any other provision of this agreement, disclose Protected Information to law enforcement agencies in accordance with law.

        9.      **Procedures regarding Protected Information**.

             (a)       **Control of Documents.**  Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure or use of Protected Information.

             (b)       **Depositions.**

             (i)       All deposition testimony taken in this case shall be treated as Protected Information from the time that the deposition begins until thirty days after the transcript is delivered in draft or final form to each Party that has ordered a copy, unless the Parties in attendance at the deposition agree on the record or in writing, to a shorter time period.

(ii)     Prior to the expiration of the time period provided in Paragraph 8(b)(i), any Party may serve a Notice of Designation to all Parties identifying the specific portions of the transcript that are designated Protected Information.  After the time provided in Paragraph 8(b)(i) expires, only those portions of the transcript identified in a Notice of Designation will continue to be Protected Information under this Protective Order, unless otherwise ordered by the Court.

(iii)    Notwithstanding anything to the contrary in this Paragraph 8(b), a Party may disclose prior deposition testimony to a witness during his or her deposition in accordance with Paragraph 7(a)(iii).

(c)     **Filing of Protected Information.**  The Parties may not file Protected Information except under seal. However, this Protective Order does not, by itself, authorize the filing of any document under seal.  Any Party wishing to file Protected Information in connection with a motion, brief, or other submission to the Court must comply with any applicable Local Rule.

(d)     **Use of Protected Information at Trial or Hearing.**  A Party that intends to present or that anticipates that another Party may present Protected Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10.     **Inadvertent Failure to Designate.**  An inadvertent failure to designate Discovery Materials as Protected Information does not, standing alone, waive the right to so designate the Discovery Materials; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Protective Order, even if inadvertent, waives any protection for deposition testimony, except for deposition testimony related to Non-Party Protected Information as provided in Paragraph 3.  If a Producing Party designates a document as Protected

Information after it was initially produced, the other Parties, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Protective Order, and the Producing Party shall provide replacement documents marked in accordance with Paragraph 2.  No Party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Information.  If a Party identifies a document (not previously marked or identified as Protected Information) that appears on its face or in light of facts known to the Party to contain Protected Information of any person, the Party identifying the information is under a good-faith obligation to notify the Producing Party and/or the interested person of the disclosure.  Such notification does not waive the identifying Party's ability to subsequently challenge any assertion that the document contains Protected Information.  If the Producing Party or other interested person wishes to assert that the document contains Protected Information, it shall provide such notice and replacement copies endorsed in compliance with this Protective Order.

11.     **Challenges to Designations.**  The designation of any Discovery Materials as Protected Information is subject to challenge by any Party, as follows.

(a)     **Meet and Confer.**  A Party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party.  In conferring, the challenging Party must explain the basis for its belief that the designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The Producing Party must respond to the challenge within 14 business days, except as provided in Subparagraph (b).

(b)     **Judicial Resolution.** If, after satisfying the requirements of Paragraph 11(a) of this Protective Order, a Party elects to challenge a designation, that Party may file and serve a

9

motion that identifies the challenged material and sets forth in detail the basis for the challenge.

Each such motion must be accompanied by a certification of counsel that affirms that the movant

has complied with the meet and confer requirements of Paragraph 11(a) of this Protective Order.

The Producing Party shall bear the burden of persuasion in any such challenge proceeding,

provided however, that a person in interest may seek to intervene in accordance with the Federal

Rules of Civil Procedure.  Until the Court rules on the challenge, all Parties shall continue to treat

the materials as Protected Information under the terms of this Protective Order.

12.     **Effect of this Protective Order**.

(a)     The production of documents by a Producing Party pursuant to this

Protective Order constitutes a court-ordered disclosure and disclosure authorized by law within the

meaning of 40 C.F.R. § 2.209(d); the Privacy Act, 5 U.S.C. § 552a(b)(11); the Health Insurance

Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R.

§ 164.512(a), (c)(1)(i); and the Trade Secrets Act, 18 U.S.C. § 1905.

(b)     This Protective Order shall not deprive any party of its right to object to

discovery on any other otherwise permitted ground, except a person subject to this Order may not

refuse to produce Discovery Materials on the grounds that the information requires protection from

public disclosure if the procedures in this Order are followed.

(c)     Nothing in this Protective Order prohibits the United States from using or

disclosing, for purposes other than this litigation, documents, or information that the United States

obtained outside of this litigation.

(d)     Nothing in this Protective Order or any action or agreement of a Party limits

the Court's power to make orders concerning the disclosure of documents produced in discovery or

at trial.

(e)     Nothing in this Protective Order may be construed or presented as a final judicial determination that any Protected Information is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

13.     **Documents requested or demanded by non-parties**.

(a)     If any Party is served with a discovery request issued in other litigation, that seeks documents, ESI, or other material designated as Protected Information by another Producing Party, the Party served with the request, must, within ten days of determining that the request seeks Protected Information:

(i)     notify the Producing Party and provide a copy of the request; and

(ii)     inform the person responsible for the discovery request of this Protective Order and provide them with copy of this Protective Order.

(b)     The Parties shall not produce Protected Information in response to any request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or any discovery request or other request or demand except in compliance with: (i) this Protective Order (e.g., with the consent of the Producing Party), (ii) a directive of this Court removing the designation as Protected Information, or (iii) a lawful directive of another court.

(c)     If the United States withholds Protected Information from its response to a FOIA request and the requesting party subsequently files an action or motion in court challenging that withholding, the United States shall, as soon as practicable, provide notice to the Producing Party of service of the action or motion.

(d)     Nothing in this Order prohibits a Party from filing a motion with this Court seeking modification of this Order to allow the disclosure of Protected Information.  Any such

motion must be served on the Parties in accordance with the Federal Rules of Civil Procedure and

must describe in detail the proposed disclosure.

        14.     **Obligations on Conclusion of Litigation**.

        (a)     **Order Continues in Force.**  Unless otherwise agreed or ordered, this

Protective Order will remain in force after dismissal or entry of final judgment not subject to

further appeal.

        (b)     **Obligations at Conclusion of Litigation.**  Within ninety (90) days after

dismissal or entry of final judgment not subject to further appeal and subject to the Federal Records

Act, 44 U.S.C. § 3101 et seq., and other legal obligations, the Parties shall take reasonable steps to

ensure that all Protected Information is destroyed or returned to the Producing Party.  Copies of

Protected Information that are stored on electronic media that is not reasonably accessible, such as

disaster recovery backup media, need not be returned or destroyed so long as they are not made

accessible (e.g., disaster recovery backups are not restored); if such data are made accessible, the

receiving Party must take reasonable steps to return or destroy the restored Protected Information or

documents as provided by this subparagraph.

        (c)     **Retention of Work Product and One Set of Filed Documents.**

Notwithstanding the above requirements to return or destroy Protected Information, counsel may

retain:  (1) attorney work product, including an index that refers or relates to designated Protected

Information so long as that work product does not duplicate verbatim substantial portions of

Protected Information, and (2) one complete set of all documents filed with the Court including

those filed under seal.  To the extent additional copies are retained by counsel of record

notwithstanding the employment of reasonable efforts to return or destroy Protected Information,

such retained copies remain protected under this Order.  An attorney may use his or her work

product in subsequent litigation, provided that its use does not disclose or use Protected

Information.

(d)    **Retention of Law Enforcement Documents.** Notwithstanding the above

requirements to return or destroy Protected Information, law enforcement agencies may retain

Protected Information in use for law enforcement purposes pursuant to Paragraph 7(b), subject only

to applicable laws and regulations, e.g., 28 C.F.R. part 16.

15.    **Order Subject to Modification.**  This Protective Order is subject to modification

by the Court on its own initiative or on motion of a Party or any other person with standing

concerning the subject matter.

16.    This Protective Order is subject to the Local Rules of this District and the Federal

Rules of Civil Procedure on matters of procedure and calculation of time periods.

IT IS SO ORDERED:


Dated: *December 12, 2023*              */s/ Samuel H. Mays. Jr*
                                        HON. SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE

13

**ATTACHMENT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:23-cv-02444-SHM |
| | ) | |
| MINOR DAVID MADISON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

_____)

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the above-captioned action and attached hereto, understands the terms

thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the

United States District Court for the District of Western District of Tennessee in matters relating to

the Protective Order and understands that the terms of the Protective Order obligate him/her to use

materials designated as or asserted to be Protected Information in accordance with the specific

terms of the Protective Order.  The undersigned acknowledges that violation of the Protective

Order may result in penalties for contempt of court.

Name:                  _____
Job Title:              _____
Employer:            _____
Business Address:   _____

Dated: _____        Signature:        _____

14

**ATTACHMENT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:23-cv-02444-SHM |
| | ) | |
| MINOR DAVID MADISON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**Contact Information for Non-party**
**Producing Documents Subject to Protective Order**

The Court has entered the above protective order (the "Protective Order"). The person

identified below is not a Party to this action but is a "Producing Party" within the meaning of the

Protective Order.  In accordance with the terms of the Protective Order, the contact information for

this Producing Party is as follows:

Name of Producing Party:  _____

Contact Person:  _____

Mailing Address:  _____

_____

Phone:  _____

This contact information is being provided to [name of party issuing subpoena], who must,

under the terms of the Protective Order, serve a copy of this form on all counsel of record pursuant

to Rule 5 of the Federal Rules of Civil Procedure.  This contact information may be changed at any

time by submitting new information using this form to [name of party issuing subpoena].

15